COREY *v.* COOK & COMPANY.

1. STATUTES—CONSTRUCTION—CONTRACTS—JURISDICTION OVER NON-
RESIDENTS.
    Construction of provisions of revised judicature act relative to
    bases of personal jurisdiction over nonresident individuals
    and partnerships, where the defendant was in a relationship
    created by "entering into a contract for services to be rendered
    or for materials to be furnished in the State by the defendant"
    require that the agreement by defendant be either *to deliver
    materials within this State* or *to furnish services within this
    State* (CLS 1961, §§ 600.705[5], 600.725[5]).

2. JUDGMENT—ACCELERATED   JUDGMENT—CONTRACTS—NONRESIDENT
PARTNERSHIP AND INDIVIDUAL—JURISDICTION.
    Accelerated judgment based on lack of jurisdiction of defendant
    nonresident individual and partnership in action to enforce
    contract executed in this State for commissions for sale of
    airplane *held*, proper, where contract did not call for delivery
    of materials within this State or furnishing of services within
    this State by defendant, since statutory provisions that rela-
    tionship created by a person or partnership by "entering into
    a contract for services to be rendered or for materials to be
    furnished in the State by the defendant" were inapplicable
    (CLS 1961, §§ 600.705[5], 600.725[5]; GCR 1963, 116.1).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 146.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted Division 1 February 9, 1966, at Detroit. (Docket No. 770.) Decided May 24, 1966.

Complaint by Sherrill Corey, doing business as Corey Aircraft Sales, against Cook & Company, a Georgia copartnership, and Claude P. Cook for breach of a contract to employ plaintiff as a broker for sale of an aircraft and aircraft parts. Defendants' motion for accelerated judgment denied. Defendants appeal. Reversed and remanded.

*Richard E. Manning,* for plaintiff.

*Monaghan, McCrone, Campbell & Crawmer* (*James H. Lo Prete,* of counsel), for defendants.

J. H. Gillis, P. J. Defendants appeal an order of the Wayne county circuit court denying their motion for accelerated judgment.[1] The facts as herein outlined have been taken from the concise statement of the proceedings and facts certified by the circuit judge, approved by the parties, and submitted on this appeal. Plaintiff's complaint was based on two counts. Count 1 alleged an express contract by defendants to employ plaintiff as a broker in connection with the sale of a DC–3 airplane and parts. There was no allegation that the defendants or either of them were to perform any services or furnish any materials in the State of Michigan in order to perform such alleged contract. Count 2 is a *quantum meruit* for services performed by plaintiff on behalf of defendants in connection with the sale of a certain DC–3 airplane and parts. Defendants moved for an accelerated judgment on the grounds that the Michigan court did not have jurisdiction

1 GCR 1963, 116.1.—Reporter.

over nonresident defendants for a personal service contract entered into in Michigan unless the nonresident defendants, by the terms of the contract, were to perform services in the State of Michigan. Defendants' contention was based upon CLS 1961, §§ 600.705(5), 600.725(5) (Stat Ann 1962 Rev § 27A-.705[5], 27A.725[5]).

CLS 1961, § 600.705(5) states:

"The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable the courts of record of this State to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships: * * *

"(5) Entering into a contract for services to be rendered or for materials to be furnished in the State by the defendant."

CLS 1961, § 600.725(5) states:

"The existence of any of the following relationships between a partnership or limited partnership or an agent thereof and the State shall constitute a sufficient basis of jurisdiction to enable the courts of record of this State to exercise limited personal jurisdiction over such partnership or limited partnership and to enable such courts to render personal judgments against such partnership or limited partnership arising out of the act or acts which create any of the following relationships: * * *

"(5) Entering into a contract for services to be performed or for materials to be furnished in the State by the defendant."

Defendants interpret these statutes to mean that the Michigan court has jurisdiction over the person of a nonresident defendant or partnership only

where that defendant or partnership has entered
into a contract (regardless of where the contract
is actually formally completed) to render or per-
form services in the State of Michigan or to furnish
materials in the State of Michigan.    Defendants
urge that this is an interpretation which would
require that there be sufficient contacts between
the defendants and the State of Michigan to satisfy
due process requirements of the Constitution of the
United States.[2]  Defendants cite *Hanson* v. *Denckla*
(1958), 357 US 235, 251 (78 S Ct 1228, 2 L ed 2d
1283) to the effect that:

"However minimal the burden of defending in a
foreign tribunal, a defendant may not be called
upon to do so unless he has had the 'minimal con-
tacts' with that State that are prerequisite to its
exercise of power over him."

Defendants argue that since they did not agree
to furnish materials or perform services in this
State, the revised judicature act as above cited is
inapplicable and the Michigan court did not acquire
jurisdiction over them.

Plaintiff contends that the use of the disjunctive
"or" in subsection 5 of both sections above cited
sets up alternatives between two separate and dis-
tinct possibilities, *i.e.*, entering into a contract for
services to be performed in one case and entering
into a contract for materials to be furnished in the
State by the defendants on the other hand.  Plaintiff
contends it does not matter whether the resident or
the nonresident is to perform the services; that if
there is a contract for services, then, notwithstand-
ing who is to perform the services, the Michigan
courts have acquired jurisdiction over the person
of the nonresident.

---

[2] US Const, Am 14.—REPORTER.

The construction of the statute as proposed by plaintiff cannot be accepted. While the dispute between the parties herein serves to illustrate the fact that the legislature could have better expressed its intentions, it is clear to this Court that the construction proposed by the defendants is more reasonable. The fact that the contract was entered into in Michigan, or that it was performed within the State, does not alter the situation. As this Court interprets the statute, in order for the Michigan courts to have jurisdiction over the person of a nonresident, that nonresident must have entered into a contract whereby he agreed to either deliver materials or furnish services within the State.

Judgment reversed. Cause remanded to the circuit court for proceedings consistent with this opinion. Costs to appellants.

FITZGERALD and WATTS, JJ., concurred.