DORNBOS *v.* ADKINS TRANSFER COMPANY, INC.

1. COURTS—CORPORATIONS—TORTS—JURISDICTION.

   The doing or causing of any act to be done, or consequences to occur, in the State resulting in an action for tort constitutes sufficient basis of jurisdiction for courts of this State to exercise limited personal jurisdiction over such corporation and to render personal judgments against such corporation arising out of the act (CLS 1961, § 600.715).

2. SAME—LIMITED JURISDICTION.

   Jurisdiction of a court under the "long-arm" statute is limited to acts occurring outside the State which have consequences inside the State (CLS 1961, § 600.715).

3. CONSTITUTIONAL LAW—DUE PROCESS—TEST.

   Whether due process is satisfied by a statute conferring jurisdiction over a corporation outside the State for acts performed outside the State but having consequences in the State is based upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure (US Const, Am 14; CLS 1961, § 600.715).

4. COMMERCE—NEGLIGENCE—TORTIOUS CONSEQUENCES.

   It is foreseeable that negligent acts of one who carries goods in interstate commerce may have tortious consequences in other States.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6] 36 Am Jur 2d, Foreign Corporations §§ 365–367.

  Power of state to subject foreign corporation to jurisdiction of its courts on sole ground that corporation committed tort within state.  25 ALR2d 1202.

  Validity, construction and application of statute making a foreign corporation subject to action arising out of contract made within the state although such corporation was not doing business therein.  49 ALR2d 668.

[5] 36 Am Jur 2d, Foreign Corporations §§ 357, 361.

[7] 16 Am Jur 2d, Conflict of Laws §§ 71–75.

[8] 50 Am Jur, Statutes §§ 170, 195.

5. CARRIERS—NATURE OF BUSINESS—MINIMUM CONTACTS.

     A carrier's business of carrying goods, solicited by others with whom they have a business relationship and who have direct relationship with forum State, creates the necessary minimum contacts with those States which produce the products that enter interstate commerce.

6. CORPORATIONS—"LONG ARM" STATUTE—CONSTITUTIONAL LAW.

     "Long-arm" statute conferring personal jurisdiction over corporation outside the State for the doing of an act outside the State which causes consequences to occur inside the State, *held,* not a denial of due process of law required by the United States Constitution (US Const, Am 14; CLS 1961, § 600.715).

7. COURTS—CONSEQUENCES OF ACT—JURISDICTION.

     There is nothing offensive to the concept of fair play and justice in holding that a claimant may resort to the forum where the consequences of an act occur.

8. STATUTES—PRESUMPTION OF CONSTITUTIONALITY.

     Statutes are presumed to be constitutional.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 October 3, 1967, at Grand Rapids. (Docket No. 2,984.) Decided March 19, 1968. Rehearing denied May 15, 1968. Leave to appeal denied August 20, 1968. See 381 Mich 772. Appeal to Supreme Court of the United States dismissed January 13, 1969.

Complaint by Harold Dornbos and Beverly Dornbos against The Kroger Company, an Ohio corporation, Rooks Transfer Lines, Inc., a Michigan corporation, Adkins Transfer Company, Inc., an Indiana corporation, Adkins Cargo Express, Inc., an Indiana corporation, and Tennessee Cartage Company, Inc., a Tennessee corporation, to recover damages resulting from defendants' negligence in handling fish which became contaminated. Motion by Adkins Transfer Company, Inc., Adkins Cargo Express, Inc., and Tennessee Cartage Company, Inc., to dismiss plaintiffs' complaint denied. Defendants appeal. Affirmed.

*Warner, Norcross & Judd (Harold S. Sawyer* and *George L. Whitfield,* of counsel), for plaintiffs.

*Hathaway, Latimer, Clink & Robb (John H. Martin,* of counsel), for defendants.

BURNS, J.  Defendants-appellants on leave granted by this Court appeal an order of the Ottawa circuit court denying their motion to dismiss plaintiffs' complaint for lack of jurisdiction.

Plaintiffs are residents of Ottawa county, Michigan, doing business in the city of Grand Haven as H. J. Dornbos & Bros., a copartnership. Defendant Kroger Company is a corporation organized under the laws of Ohio and doing business in the State of Michigan. Defendant Rooks Transfer Lines, Inc., is a corporation organized under the laws of Michigan with its principal office in the city of Holland, county of Ottawa, State of Michigan. Defendant Adkins Transfer Company, Inc., is a corporation organized under the laws of the State of Indiana and is a common carrier in interstate and intrastate commerce with terminals in Chicago, Illinois, and Nashville, Tennessee. Defendant Adkins Cargo Express, Inc., is a corporation organized under the laws of the State of Indiana and is a successor to the Adkins Transfer Company, Inc. Defendant Tennessee Cartage Company, Inc., is a corporation organized and existing under the laws of the State of Tennessee and is a common carrier in the State of Tennessee.

Plaintiffs alleged in their complaint that in September, 1963, plaintiffs were engaged in the business of processing and selling fish products. They received an order from the Kroger Company from its Nashville, Tennessee office for smoked fish, f.o.b. Grand Haven. The fish were sealed in vacuum packages marked, "Keep under refrigeration." On

September 19, 1963, the fish were picked up by
Rooks and transferred to Adkins at Chicago, Illi-
nois, which, in turn, transported the fish to Nash-
ville, Tennessee. In Nashville the fish were turned
over to Tennessee Cartage which delivered the fish
to the Kroger warehouse on September 25, 1963.

Plaintiffs further alleged that due to negligence
in the handling of the product the fish became con-
taminated and caused death when eaten, with con-
sequential adverse publicity for plaintiffs and the
resulting damages for which the action was brought
in Ottawa county, Michigan.

Defendants Adkins Transfer Company, Inc., Ad-
kins Cargo Express, Inc., and Tennessee Cartage
Company, Inc., moved the circuit court to quash
service of process and dismiss the complaint for
lack of jurisdiction, as the moving parties were
served with process in the State of Tennessee. The
motions challenged the application and the consti-
tutionality of Michigan's "long arm" statute, the
revised judicature act, PA 1961, No 236, § 715, CLS
1961, § 600.715 (Stat Ann 1962 Rev § 27A.715). The
circuit judge denied the motion to dismiss the com-
plaint.

The defendants claim the circuit court erred in
that its decision:

(1) violated the due process law requirement of
the 14th amendment of the United States Constitu-
tion;

(2) places an undue burden on interstate com-
merce.

CLS 1961, § 600.715 (Stat Ann 1962 Rev § 27A-
.715) provides as follows:

"The existence of any of the following relation-
ships between a corporation or its agent and the
state shall constitute a sufficient basis of jurisdiction
to enable the courts of record of this state to exer-

cise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:   *   *   *

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort."

The trial judge in a written opinion which we adopt stated in part:

"Note must be taken that this section of the judicature act is carefully circumscribed and limited to acts outside the State which have consequences inside the State.   Former restricted concepts of jurisdiction over nonresident foreign corporations have been expanded by the case of *International Shoe Company* v. *State of Washington* (1945), 326 US 310, 316, 319 (66 S Ct 154, 158, 159, 90 L ed 95, 101, 103, 161 ALR 1057, 1061, 1063) where it was stated:

" 'Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person.   Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him.   *   *   *   But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.   *   *   *

" 'It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative.   The test is not merely, as has some-

times been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. * * * Whether due process is satisfied must depend rather upon the *quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.* That clause does not contemplate that a State may make binding a judgment *in personam* against an individual or corporate defendant with which the State has no contacts, ties, or relations.' (Emphasis supplied by circuit judge.)

"The court directs its attention to the 'quality and nature' of the activity of these defendants as it relates to the State of Michigan. These defendants are in the business of carrying goods in interstate commerce. It is reasonable to assume that they solicit and hopefully anticipate such business. They are in the position of being able to protect themselves from the consequences of their own derelictions. They understand that the nature of their business requires them to have the care and custody of the products and possessions of residents of other States. It is foreseeable that their negligent handling of these products and possessions may have tortious consequences in other States.

"It is no defense to claim that these defendants did not come into the State of Michigan to solicit this business when the very nature of their business and their franchise is such that they are required to carry goods solicited by others with whom they have a business relationship and who have a direct relationship with the forum State. Without delving into the agency concepts that may be present here, suffice it to state that the very nature of the business of these defendants creates the necessary minimum contacts with those States which produce the products that enter interstate commerce. This court is unable to see any difference in this situation from the case of *Gray* v. *American Radiator &*

*Standard Sanitary Corporation* (1961), 22 Ill 2d 432 (176 NE2d 761). In *Gray* we have a negligently manufactured component which reaches the state of Illinois, while in the case before this court we have the claim of a negligently performed service with tortious consequences in either event.

"The court's thinking is guided by *McGee v. International Life Insurance Company* (1957), 355 US 220, 222 (78 S Ct 199, 200, 2 L ed 2d 223, 225) wherein it is stated:

" 'In a continuing process of evolution this Court accepted and then abandoned "consent", "doing business", and "presence" as the standard for measuring the extent of State judicial power over such corporations.'

"The court rejects any argument that such a result will be an undue burden on interstate commerce or will offend, 'traditional notions of fair play and substantial justice'. The realities of modern commercial transactions dictate that modern concepts of jurisdiction be considered for the purpose of enlightened handling of disputes arising from modern conditions and transactions. Shall we hold that there can only be fair play and substantial justice where the law provides that all those who do business with these defendants must go to those States wherein they are doing business for adjudication of their grievances rather than to hold that the forum of justice may be that state where tortious consequences occur? To ask the question is to answer it. The court finds nothing offensive to the concept of fair play and justice in holding that the claimant may resort to the forum where the consequences of an act occur."

This Court is aware of the decision by our Supreme Court in *Hershel Radio Co. v. Pennsylvania R. Co.* (1952), 334 Mich 148. However, that case was decided prior to the revised judicature act. To follow that holding in the present case this Court would have to declare this section of the act invalid

as to interstate carriers.   This we decline to do.
Statutes are presumed to be constitutional.
Judgment affirmed.   Costs to appellees.

FITZGERALD, P. J., and HOLBROOK, J., concurred.