## SIFERS *v.* HOREN

COURTS — JURISDICTION — LONG-ARM STATUTE — TRANSACTING BUSINESS.

An attorney from another state holding himself out to be an expert in negligence law, entering the state of Michigan on two different occasions as a lecturer at negligence law seminars, being retained by plaintiff's Michigan attorney as counsel in plaintiff's negligence action in his home state, and holding consultations with the plaintiff in preparation of trial in his home state has performed sufficient acts to constitute the transaction of business within the state of Michigan, thus enabling the courts of record of this state to exercise limited personal jurisdiction over him under the long-arm statute (MCLA § 600.705[1]).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 January 8, 1970, at Lansing. (Docket No. 7,115.) Decided February 27, 1970. Leave to appeal granted August 25, 1970. 383 Mich 822.

Complaint by Letha Sifers, administratrix of the estate of Roger W. Sifers, against H. Solomon Horen for the negligent handling of a lawsuit. Defendant's motion for accelerated judgment denied. Defendant appeals. Plaintiff cross-appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE

42 Am Jur, Process § 78.

Validity, as a matter of due process, of state statutes or rules of court conferring in personam jurisdiction over nonresidents or foreign corporations on the basis of isolated business transaction within state. 20 ALR3d 1201.

*Kelly, Kelly & Kelly,* for plaintiff.

*Anderson, Patch, Potter & Patch,* for defendant.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J. Plaintiff herein is a resident of Jackson county and administratrix of the estate of her deceased son who was a resident of Michigan at the time of his death, the result of being fatally injured in an automobile accident occurring in the state of Kentucky. An agreed statement of facts has been filed which is restated in part as follows:

"Defendant is a resident of and a duly-licensed attorney-at-law in the state of Kentucky, who, in May, 1963, appeared at a seminar of lawyers at Saginaw, holding himself out to be a specialist in personal injury and negligence law and practice, and lectured to Michigan lawyers on the subject, said seminar continuing for some three days.

"The attorney for plaintiff in this cause, who had been retained by plaintiff in the original case, which was required to be filed in Kentucky, conferred with defendant at Saginaw as to the claim for death of plaintiff's son and, upon defendant's representations that he was fully qualified and competent to represent plaintiff in the courts of Kentucky in such action, retained defendant for such purpose, by letter agreement dated November 7, 1963, a copy of which is hereto attached and marked Exhibit E.

"After said defendant had filed the action in the Kentucky court, he again appeared in Michigan at a seminar of Michigan lawyers on personal injury law, this time at Detroit and, at his request, the attorney for plaintiff went to Detroit with plaintiff and her husband, where they met with defendant, who discussed the pending case with them, preparing

their testimony, and advising them concerning their case, as attorney for plaintiffs, in preparation for the trial thereof.

"The case was tried at Louisville, Kentucky, in December, 1965, in the course of which trial, plaintiff claims defendant in the case offered to pay plaintiff the sum of $27,500 in settlement of the claim for death of her son, which offer defendant Horen advised plaintiff should not be accepted and, acting upon such advice, the settlement offer was rejected and a verdict was thereafter returned for defendant in said action and judgment entered thereon.

"Defendant filed an appeal from said judgment, but thereafter failed to take the necessary steps in prosecuting said appeal in accordance with the rules and laws of the state of Kentucky governing such appeals, which failure was concealed from the attorney for plaintiff by the refusal of defendant to answer written inquiries made to defendant in June, July, September, October and December, 1966, during which time defendant, by his inaction and refusal to inform plaintiff's attorney thereof, allowed the rights of plaintiff in said appeal to lapse and plaintiff's attorney learned, from the Kentucky Court of Appeals, in February, 1967, that said appeal had been dismissed on October 11, 1966.

"On April 14, 1967, plaintiff filed suit against defendant in the circuit court for the county of Jackson, Michigan, to recover damages claimed to have been sustained by decedent's estate as the result of defendant's handling of said lawsuit in Kentucky. In her complaint, plaintiff alleges defendant 'was guilty of negligence, gross negligence and fraudulent conduct in failing in the performance of his duties in the representation of said estate and in the prosecution of said appeal, as a direct and proximate result of which said appeal was dismissed on motion of defendant without hearing on the merits'. A summons and a copy of the complaint were served upon defendant by registered mail on

December 11, 1967, this service being made by order
of court under GCR 1963, 105.8."

Defendant filed a motion for accelerated judgment
based upon the claim that the Michigan court did
not have a general or limited personal jurisdiction
over him. It was plaintiff's claim at the hearing on
the motion that the Jackson county circuit court had
limited personal jurisdiction over defendant under
the provisions of CLS 1961, § 600.705(1), (2) (Stat
Ann 1962 Rev § 27A.705[1], [2]) which reads:

"The existence of any of the following relation-
ships between an individual or his agent and the
state shall constitute a sufficient basis of jurisdiction
to enable the courts of record of this state to exer-
cise limited personal jurisdiction over such individ-
ual and to enable such courts to render personal
judgments against such individual or his representa-
tive arising out of the act or acts which create any
of the following relationships:

"(1) The transaction of any business within the
state.

"(2) The doing or causing any act to be done, or
consequences to occur, in the state resulting in an
action for tort."

The trial court ruled that the defendant's motion
for an accelerated judgment would be denied because
plaintiff had shown a sufficient basis for limited
personal jurisdiction over defendant under CLS
1961, § 600.705(2), but ruled that there was no basis
for limited personal jurisdiction under CLS 1961,
§ 600.705(1).

The defendant, claiming error in the denial of the
motion for accelerated judgment, has appealed, and
the plaintiff has cross-appealed claiming error by
the trial court in its ruling that the act or acts of
the defendant in the state of Michigan did not con-

stitute the transaction of any business within the
state.

We will first consider the cross-appeal of plaintiff
which asserts that defendant is subject to the lim-
ited personal jurisdiction of the circuit court for
Jackson county because of the relationship of the
defendant and the state, under CLS 1961, § 600.705
(1):

"The transaction of *any* business within the state."
(Emphasis supplied.)

The plaintiff and her attorney, Mr. Kelly, were
residents of Michigan; the defendant was a licensed
attorney at law and resident of Kentucky. In May
of 1963, defendant came to Saginaw, Michigan, to
lecture at a seminar of lawyers that lasted for three
days. At this seminar defendant held himself out
as a specialist in personal injury and negligence law
and practice. His role or business could properly
be termed as an attorney's expert coming to Mich-
igan to instruct and counsel the attorneys present.
He received remuneration for these services, and in
addition was available for counseling with any of the
attorneys present for any individual cases including
the arranging for his expert services. We conclude
that this is true because one of the attorneys present,
Mr. Kelly, talked to defendant at the Saginaw sem-
inar concerning plaintiff's case in Kentucky for the
death of her son. At the time, Mr. Kelly was in
charge of the case for plaintiff, and the conversa-
tions between Mr. Kelly and the defendant culmi-
nated in the retaining of defendant to prosecute
the case in Kentucky. The business of one attorney
hiring another attorney, expert in a particular field,
to process a case often takes place in the usual
course of business. Sometime later, defendant came
to Detroit where a similar seminar was held as at

Saginaw. Defendant served at that seminar in the. same capacity as he had at Saginaw. While in Detroit, defendant requested plaintiff and Mr. Kelly to meet with him to discuss the case pending in the state of Kentucky. Plaintiff, her husband, and Mr. Kelly went to Detroit and met with defendant who discussed the case with them for the purpose of making preparations for the presentation of their testimony, and other arrangements for the trial.

The question raised on plaintiff's cross-appeal is: *were these acts of defendant sufficient under the statute to constitute the transaction of any business within the state?*

Black's Law Dictionary (4th Ed), p 1668, defines transacting business as "doing or performing series of acts occupying time, attention, and labor of men for purpose of livelihood, profit or pleasure." Also, see *Westor Theatres* v. *Warner Bros. Pictures, Inc.* (D NJ, 1941), 41 F Supp 757; *Crawford Transport Company* v. *Chrysler Corporation* (ED Ky, 1961), 191 F Supp 223; and *Wing* v. *Challenge Machinery Company* (SD Ill, 1959), 23 FRD 669.

In 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d Ed), p 125, it is stated:

"Limited personal jurisdiction is the power to enter a binding judgment *in personam,* limited, however, to claims arising out of the act or acts creating the jurisdictional relationship between defendant and the state. RJA §§ 705, 715, 725, and 735.

"For example, the transaction of *any* business within the state will subject a defendant to jurisdiction limited to claims arising out of the business transacted within the state. RJA §§ 705(1) (individuals), 715(1) (corporations), 725(1) (partnerships), and 735(1) (associations). Such jurisdiction may validly be applied to individuals and partnerships as well as corporations. *Henry L. Doherty &*

*Co.* v. *Goodman* (1935), 294 US 623 (55 S Ct 553; 79 L Ed 1097); and see ALI Restatement of the Law Second, Conflict of Laws, Tentative Draft No 3, 1956, §§ 85, 86 and 92. *International Shoe Co.* v. *State of Washington* (1945), 326 US 310 (66 S Ct 154; 90 L Ed 95, 161 ALR 1057); and see ALI Restatement of the Law Second, Conflict of Laws, Tentative Draft No 3, 1956, §§ 85, 86, and 92 [sic]."

While in Michigan on two different occasions, defendant held himself out as a lecturer and expert on negligence law, and while he was engaged in this business, he discussed with plaintiff's Michigan counsel the business of becoming associated as counsel in plaintiff's negligence case. We rule that this was a part of the contemplated business benefits to be derived by defendant in transacting the business of lecturing and advising the attorneys at the seminars on negligence law. We further rule that these acts that took place at the Saginaw seminar together with the acts of defendant in preparing for the trial of the action through consultations with plaintiff and her Michigan attorney in Detroit at defendant's request, constitutes the "transaction of any business in the state," as required by the statute.

Because of our ruling on the cross-appeal of plaintiff that the trial court's denial of defendant's motion for an accelerated judgment was proper, we deem it unnecessary to rule on the appeal of defendant concerning the proper application of CLS 1961, § 600.705(2) to this case.

Affirmed. Costs to plaintiff.

All concurred.