CRANE *v.* ROTHRING

1. COURTS—JURISDICTION—LIMITED JURISDICTION—TRANSACTION OF BUSINESS—SINGLE ACT.

   A single act of purchasing done within the state is sufficient "transaction of any business" within the state to vest limited jurisdiction in the courts of the state for claims arising out of and limited to the contract of purchase (MCLA § 600-.705).

2. COURTS — JURISDICTION — LIMITED JURISDICTION — TRANSACTION OF BUSINESS — SINGLE ACT.

   Limited jurisdiction was properly vested in the courts of the state where a non-resident defendant refused to pay a resident plaintiff the purchase price of machinery and an automobile pursuant to a written contract, negotiated and signed in the state, and the defendant took delivery of the automobile in the state, even though the defendant had transacted no other business in the state (MCLA § 600.705).

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 April 17, 1970, at Detroit. (Docket No. 8,253.) Decided October 5, 1970.

Complaint by George Crane against Robert Rothring for breach of contract. Motions to quash the service of process and to dismiss the complaint granted. Plaintiff appeals. Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur 2d, Foreign Corporations §§ 344, 345.

Foreign corporation's purchase within state of goods to be shipped into other state or country as doing business within state for purposes of jurisdiction or service of process. 12 ALR2d 1439.

*James D. O'Connell,* for plaintiff.

*Freud, Markus, Slavin & Mountain (John R. Cobau,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and LEVIN and DAVIDSON,* JJ.

PER CURIAM. Plaintiff is a resident of the State of Michigan and does business within the state. The defendant is not a resident of Michigan.

On December 10, 1968, plaintiff and defendant entered into a written agreement for the sale by plaintiff of certain machinery and a Cadillac automobile to the defendant in return for $22,000. The automobile was delivered to the defendant when the agreement was signed in Wayne County, Michigan.

Subsequently, defendant refused to complete the transaction and re-delivered the automobile. The transaction in question is the only business which has ever been conducted between the parties to this cause.

On August 4, 1969, plaintiff started suit in Wayne County Circuit Court on the contract. Process was served on the defendant in Cincinatti, Ohio, on August 25, 1969. The defendant made an appearance and moved to quash the service and to dismiss the complaint for want of jurisdiction. These motions were granted on September 19, 1969 by the trial court for the reason that "a single act of purchasing goods in the state does not constitute doing business within the meaning of § 705 of the act, Stat Ann 1962 Rev § 27A.705."

The only issue on appeal then, is whether the negotiation and execution of a single contract in this state for the purchase of goods and the receipt

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the purchaser of a portion of those goods in this state subject the purchaser to the jurisdiction of Michigan courts for claims arising out of and limited to that contract?

We find that the circuit judge erred in quashing process and dismissing the complaint. We cannot agree with the lower court judge that a single agreement to purchase is not the transaction of any business within the state so as to confer limited jurisdiction under MCLA § 600.705(1) (Stat Ann 1962 Rev § 27A.705[1]).

The defendant's reliance on the case of *Corey v. Cook & Company* (1966), 3 Mich App 359, is misplaced, as the court there was faced with a case where the plaintiff relied upon subsection 5 rather than subsection 1 of MCLA § 600.705 (Stat Ann 1962 Rev § 27A.705).

We see no reason to interpret the language of subsection 1 "transaction of any business" as requiring more than a single act of purchasing.

In this case the defendant came into Michigan, negotiated and signed a contract, and then took delivery of a portion of the goods in partial performance of the plaintiff's obligations under the contract. We consider that the actions of the defendant clearly constitute the transaction of business within the state. Since the dispute before us arises out of acts done within the state, we find that the circuit court had jurisdiction under MCLA § 600.705 (1) (Stat Ann 1962 Rev § 27A.7051) and that the motions quashing process and dismissing the complaint were improperly granted. *Sifers v. Horen* (1970), 22 Mich App 351; see also *Detroit Plastic Products Corp. v. Tolco Corp.* (1968), 15 Mich App 34, 40; *Kropp Forge Comp. v. Jawitz* (1962), 37 Ill App 2d 475 (186 NE2d 76).

Reversed and remanded. Costs to plaintiff.