KIEFER v MAY

1. Courts — Jurisdiction — Nonresidents — Long-Arm Statute — Transaction of Business.

A Michigan court, under Michigan's long-arm statute, acquires limited jurisdiction over an out-of-state defendant who transacts *any* business within the state; therefore, a Michigan resident can sue in the Michigan courts an out-of-state defendant who advertised an antique automobile for sale in a national publication that circulated in Michigan and who by telephone represented the automobile to be almost entirely complete, where the Michigan resident, after sending to the out-of-state defendant money by wire and mail for the purchase price, found on inspection of the automobile when it arrived in Michigan that the vehicle was not as it was represented to be by the out-of-state defendant (MCLA 600.705[1], [2]).

2. Courts—Jurisdiction—Nonresidents—Long-Arm Statute—Due Process—Transaction of Business.

The only real limitation placed on the long-arm statute is the Due Process Clause of the Fourteenth Amendment of the United States Constitution; due process requires that a nonresident defendant have certain minimal contacts with the state in which he is doing business with the resident plaintiff so that the suit does not offend the traditional notions of fair play and the application of the rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and such requirements were met where a nonresident defendant purposely advertised in a publication which is circulated in Michigan with a view to disposing of an automobile (US Const, Am XIV, MCLA 600.705[1], [2]).

3. Courts — Jurisdiction — Nonresidents — Long-Arm Statute — Transaction of Business.

A defendant need not be present in Michigan in order for limited

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 20 Am Jur 2d, Courts §§ 146, 178.

personal jurisdiction to be acquired over him by reason of the transaction of business within the state; telephone and the mails utilized by a nonresident defendant and a resident plaintiff to consummate a contract between them is sufficient to find the nonresident defendant was "present" in Michigan (MCLA 600.705[1]).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 8, 1973, at Lansing. (Docket No. 14025.) Decided April 25, 1973.

Complaint by Gerald Kiefer against Roger May for damages for breach of contract. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*O'Brien, O'Brien, Bolle, Gase & Gilleran,* for plaintiff.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

FITZGERALD, J. The nature of the summary proceedings in the trial court requires that pertinent facts be extrapolated from the pleadings and plaintiff-appellant's brief. Defendant-appellee did not file a brief.

Plaintiff is a resident of Michigan and defendant resides in Arizona. Defendant placed an advertisement in a national publication, Hemming Motor News, May, 1970 edition, circulated in Michigan. The advertisement was for the sale of a 1931 Cadillac. Plaintiff responded by calling defendant in Arizona. By telephone, defendant represented that the automobile was almost entirely complete. Relying on this information, the plaintiff agreed to purchase the car. After this agreement was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

reached, the plaintiff sent approximately $2,300 to defendant by wire and mail, the balance to be paid to defendant upon delivery of the automobile. Plaintiff sent a truck to Arizona to pick up the vehicle. When the automobile arrived in Michigan, plaintiff discovered upon inspection that the vehicle was not as it was represented to be, specifically in missing many parts, and filed suit. The defendant was personally served and appeared in Michigan through counsel. Defendant's counsel brought a motion for accelerated judgment.[1] On February 23, 1972, the trial court granted the motion, stating that the court lacked jurisdiction over the nonresident defendant.

Plaintiff contends on appeal that Michigan's long arm statute did give the court limited personal jurisdiction over defendant.

Plaintiff further alleges that defendant had a scheme whereby he intended to defraud plaintiff. This scheme was initiated by sending an advertisement into Michigan. The purpose of the ad was to solicit a response from plaintiff. Misrepresentations were made by defendant and delivered to Michigan by telephone. Further, the reliance which induced plaintiff to part with his money and make the contract also took place in this state. Plaintiff alleges that MCLA 600.705(1),(2); MSA 27A.705(1),(2), *infra,* is therefore applicable.

We are being asked to determine whether or not Michigan's long-arm statute gave the trial court limited personal jurisdiction over the defendant nonresident. The statute reads:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited per-

[1] GCR 1963, 116.1.

sonal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state.

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

"(6) Acting as a director, manager, trustee, or other officer of any corporation incorporated under the laws of, or having its principal place of business within, the state of Michigan."

In *Sifers v Horen,* 22 Mich App 351 (1970), negotiations took place in Michigan between defendant, an out-of-state lawyer, and a Michigan attorney who represented the plaintiff. This resulted in the retaining of defendant attorney to represent plaintiff in the courts of a sister state. Subsequently, defendant attorney did not provide services as previously agreed. A suit was instituted. This Court held that Michigan courts acquired limited personal jurisdiction under the statute's phrase, "the transaction of any business within the state", quoting from Black's Law Dictionary (4th ed), p 1668, in defining "transacting business" (p 356):

" '[D]oing or performing series of acts occupying time, attention, and labor of men for purpose of livelihood, profit or pleasure.' Also, see *Westor Theatres v Warner Bros Pictures Inc* (D NJ, 1941), 41 F Supp 757; *Crawford Transport Company v Chrysler Corporation* (ED

Ky, 1961), 191 F Supp 223; and *Wing v Challenge Machinery Company* (SD Ill, 1959), 23 FRD 669."

The Michigan Supreme Court affirmed in *Sifers v Horen,* 385 Mich 195 (1971). Therein, the Supreme Court construed the long-arm statute very broadly (pp 198–199):

"The statute uses the phrase 'The transaction of *any* business within the state.' (Emphasis added.) When we keep in mind that we are dealing not with *general* jurisdiction which is provided for in another part of the statute (MCLA § 600.701 [Stat Ann 1962 Rev § 27A.701]) which would expose a nonresident to suit in Michigan for any cause wherever it arose, but rather with *limited* jurisdiction which exposes a nonresident to suit in Michigan only for a cause which arose out of the relationship serving as a basis for such jurisdiction we see no Federal Constitutional question.

"The courts of those states having 'long-arm' statutes similar to that of Michigan which confer, specifically, limited personal jurisdiction over defendants based on 'the transaction of any business within the state,' have generally construed their statutes as extending the state's jurisdiction to the farthest limits permitted by due process.

\* \* \*

"The phrase 'transaction of any business' is construed as broader than 'doing business'. *New York: Simonson v International Bank* (1964), 14 NY2d 281 (251 NYS2d 433, 200 NE2d 427); *Illinois: Lurie v Rupe* (1964), 51 Ill App 2d 164 (201 NE2d 158), *cert den* 380 US 964 (85 S Ct 1108, 14 L Ed 2d 154); *Haas v Fancher Furniture Company* (ND Ill, 1957), 156 F Supp 564."

In footnote 2, the Supreme Court noted:

"The word 'any' means just what it says. It includes 'each' and 'every'. See *Harrington v Inter-State Business Men's Accident Ass'n* (1920), 210 Mich 327; *Gibson v Agricultural Life Ins Co of America* (1937), 282 Mich 282. It comprehends 'the slightest'."

Thus, the Supreme Court interpreted MCLA 600.705; MSA 27A.705 to its full potential.

The only real limitation placed on this statute is the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Due process requires that a defendant have certain minimal contacts with the state so that the suit does not offend the traditional notions of fair play. *International Shoe Co v State of Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945). In *Hanson v Denckla,* 357 US 235, 253; 78 S Ct 1228, 1240; 2 L Ed 2d 1283, 1298 (1958), the United States Supreme Court provided additional guidelines for the determination of whether or not minimum contacts have been met as required by due process, stating:

"The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

Applying these criteria to the present case, it can be concluded that the requirements of due process have been met. The defendant purposely advertised in a publication, which is circulated in Michigan, with a view to disposing of his Cadillac. The fact that a single contact took place does not preclude a court from acquiring limited personal jurisdiction under § 1 of the statute. *Crane. v Rothring,* 27 Mich App 189 (1970).

It should be noted that the present dispute also can be most conveniently handled in Michigan. Three of the four witnesses are alleged by plaintiff to be in Michigan. The vehicle in question is also located here.

In *McGraw v Matthaei,* 340 F Supp 162, 164 (ED

Mich, 1972), the court held that a defendant need not be present in the state in order for limited personal jurisdiction to be acquired, using the following language:

"Defendant has placed great emphasis on the fact that he was not physically present in the state when he executed the note. *This court is of the opinion that one need not be physically present in the state to 'transact business within the state.'*

"Modern technology has taken us far beyond the point where two men must stand in each other's physical presence to transact business. Widespread use of the telephone and the mails make actual physical presence unnecessary in many cases. New methods of communication, such as the picture phone, allow a businessman to be 'electronically present' in a state. Exact copies of executed documents can be transmitted electronically in a matter of seconds.

"For all practical purposes, transactions accomplished with such devices have the same effect as if the two men had been in each other's physical presence.

"Physical presence in the state is a factor to consider, but it should not be the controlling factor in determining jurisdiction. *Koplin v Thomas, Haab and Botts,* 73 Ill App 2d 242, 219 NE2d 646 (1966)." (Emphasis added.)

The telephone and the mails were utilized to consummate the contract between plaintiff and defendant. Thus, as interpreted in *McGraw,* the defendant was "present" in Michigan.

In light of the foregoing, the grant of accelerated judgment was not proper.

Reversed and remanded for further proceedings. Costs to appellant.

All concurred.