KHALAF v BANKERS & SHIPPERS INSURANCE COMPANY

1. PROCESS—MOTION TO QUASH—COURTS—JURISDICTION.

   A court may appropriately grant a motion to quash service of process where it lacks jurisdiction over a party (GCR 1963, 116.1[1]).

2. COURTS—JURISDICTION—PERSONAL JURISDICTION—OUT-OF-STATE PARTIES—TORTS—LONG-ARM STATUTES.

   A sufficient relationship may exist for the courts of this state to exercise limited personal jurisdiction over an out-of-state tortfeasor where a consequence of a tortious act committed elsewhere occurs in Michigan (MCLA 600.705[2]).

3. COURTS—JURISDICTION—CONSTITUTIONAL LAW—DUE PROCESS—MINIMUM CONTACTS.

   Jurisdiction may exist over an out-of-state defendant if the defendant had such "minimum contacts" with this state that the maintenance of the action would not offend traditional notions of fair play and substantial justice; a single transaction may be sufficient to meet the "minimum contacts" test but there must be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

4. COURTS—JURISDICTION—LIMITED PERSONAL JURISDICTION—DUE PROCESS—SUFFICIENT CONTACT—STATUTES—LONG-ARM STATUTES.

   An out-of-state insurance agent's failure to provide certain insurance coverage for an out-of-state machine repair company that repaired a machine in Michigan with the consequence that the machine repair company is now uncollectible is not sufficient contact under the principles of due process to invoke limited personal jurisdiction over the agent in an action by a plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 143, 144.

[2–4] 20 Am Jur 2d, Courts §§ 123, 146.

State's power to subject nonresident individual other than a motorist to jurisdiction of its courts in action for tort committed within state. 78 ALR2d 397.

injured by the company's negligent repair of a machine; the mere showing of a consequence, no matter how remote from the defendant's actions, is not a talisman to be used to sweep aside the principles of due process.

Appeal from Wayne, Roland L. Olzark, J. Submitted June 2, 1975, at Detroit. (Docket No. 21308.) Decided July 22, 1975. Leave to appeal granted, 395 Mich —.

Complaint by Niam Khalaf and Almaza Khalaf against Bankers & Shippers Insurance Company and James Dullard, an insurance agent, for damages arising out of the defendants' failure to provide proper insurance coverage for a third party against whom plaintiffs had taken a judgment. Service of process on defendant Dullard quashed. Plaintiffs appeal. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Paul Rosen),* for plaintiffs.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* for defendant Dullard.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

DANHOF, P. J. Plaintiff Niam Khalaf sought to bring a negligence action against defendant Bankers & Shippers Insurance Company and defendant James Dullard, an insurance agent, in Michigan. The lower court granted defendant Dullard's motion to quash the service of process on May 29, 1974. The plaintiffs appeal that order. We affirm.

In an earlier action, the plaintiff received a default judgment against an insured of the defendant insurance company, National Machine Servicing Company, Inc. (hereafter referred to as Na-

tional Machine), for injuries sustained from a press repaired in Michigan by National Machine. The defendant insurance company has denied coverage under its policy of insurance with National Machine for plaintiff's injuries.

Defendant Dullard is an Illinois insurance agent who obtained an insurance policy issued by a New York insurance company for National Machine, an Illinois corporation. Defendant Dullard alleges that he has never been a resident of Michigan, nor conducted any business in the State of Michigan.

The court may appropriately grant a motion to quash service of process where it lacks jurisdiction over a party. GCR 1963, 116.1(1).

The plaintiffs seek to establish limited personal jurisdiction over defendants based upon MCLA 600.705(2); MSA 27A.705(2):

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort."

Thus, where a consequence, which was caused by a tortious act committed elsewhere, occurs in Michigan, a sufficient relationship may exist for the courts of this state to exercise jurisdiction over the tortfeasor.

The question of jurisdiction in the instant case is essentially one of due process. The following principles stated by the Court in *Shepler v Korkut,* 33 Mich App 411, 414–415; 190 NW2d 281 (1971) are applicable:

"Jurisdiction exists if defendants * * * had such 'minimum contacts' with this state that maintenance of the action would not offend traditional notions of fair play and substantial justice. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95

(1945). It is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Hanson v Denckla,* 357 US 235; 78 S Ct 1228; 2 L Ed 2d 1283 (1958).

"It is sufficient for purposes of due process that the suit be based on a contract which had a substantial connection with the state of the forum. A single transaction may be sufficient to meet the 'minimum contacts' test. The state of the forum may have a manifest interest in providing effective means of redress for its residents, considering the particular circumstances of the case and that the crucial witnesses may be its residents. *McGee v International Life Ins Co,* 355 US 220; 78 S Ct 199; 2 L Ed 2d 223 (1957)."

Whether the required "minimum contacts" are present depends upon the particular facts of each case. *Woods v Edgewater Amusement Park,* 381 Mich 559, 569; 165 NW2d 12 (1969).

The present case is not one involving a negligently handled product that is taken into this state where physical injury is a direct result of the wrongful act. See *e.g., Dornbos v Adkins Transfer Co, Inc,* 9 Mich App 515; 157 NW2d 498 (1968), *lv den,* 381 Mich 772 (1968).

The plaintiffs argue that the present case is a tort action based upon the negligence of the defendant agent in failing to procure coverage for the type of accident that caused plaintiff's physical injuries. The plaintiff further argues that he has suffered economic loss as a consequence of such failure because National Machine is now uncollectible.

Whether or not the plaintiff states an action in tort, the contacts for purposes of jurisdiction must still be weighed by the principles of due process. The mere showing of a consequence, no matter

how remote from the defendant's actions, is not a talisman to be used to sweep aside the principles of due process. National Machine, not defendant Dullard, entered Michigan, negligently repaired a machine which resulted in physical injury to the plaintiff, and failed to defend the lawsuit or pay the judgment. Defendant Dullard did not start this chain of events nor could he control them. The defendant agent is not linked to National Machine like a manufacturer may be linked to a product for purposes of finding a connection with the state sufficient to satisfy due process. Defendant Dullard's part in causing the consequence that National Machine is uncollectible in Michigan is not a sufficient contact under the aforementioned principles of due process to invoke limited personal jurisdiction over him under MCLA 600.705(2); MSA 27A.705(2).

Granting the motion to quash the service of process in the present case was proper.

Affirmed. Costs to defendant Dullard.