**Joan L. PRICE, Plaintiff,**

v.

**Dr. Herbert SHESSEL and Northside Hospital, Defendants.**

**Civ. A. No. 76–70637.**

United States District Court, E. D. Michigan, S. D.

June 18, 1976.

Sherwin Schreier, Southfield, Mich., for plaintiff.

John P. Jacobs, Detroit, Mich., for defendants.

---

OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND TO TRANSFER ACTION TO THE NORTHERN DISTRICT OF GEORGIA

CORNELIA G. KENNEDY, District Judge.

Plaintiff's claim is for negligence in providing medical treatment. The defendants are a Georgia Hospital Authority and an individual doctor who resides in Georgia. The allegedly negligent treatment took place in Georgia. Plaintiff's health problems continued and she was subsequently treated in Michigan.

Defendants have moved to dismiss and to quash the service of process or in the alternative to transfer the case to the Northern District of Georgia. The basis of the motion is their claim that the Court lacks personal jurisdiction over the defendants.

It is clear from plaintiff's response to the motion that the only basis of personal jurisdiction claimed is the limited personal jurisdiction provided by M.S.A. § 27A.705(2) (and perhaps section 27A.715(2), if NORTHSIDE HOSPITAL is treated as a corporation—the two provisions are identical for the purposes of this motion):

Section 27A.705 provides, in part:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

. . . . .

(2) The doing or causing any act to be done, or consequence to occur, in the state resulting in an action for tort.

■ Plaintiff argues that the consequences of defendants' actions occurred in Michigan, because plaintiff was in Michigan while suffering the effects of the treatment and because she was treated in Michigan for these medical problems.

However, a sensible reading of the statute and of the cases relied upon by plaintiff does not support such a conclusion.

The leading Michigan case interpreting these statutes is *Woods v. Edgewater Amusement Park,* 381 Mich. 559, 165 N.W.2d 12 (1969). That case presented facts typical of the decisions that are considered the forefront of the movement to expand the scope of personal jurisdiction. Defendant, manufactured a product in Florida and sold it to a third party in New Jersey, and through a series of transactions the product was installed in Michigan. Plaintiff was injured by the product in Michigan. While noting that, "the question of minimal contact depends upon the particular facts in each case," the court concluded that there was jurisdiction over the Florida defendant.

In *Woods,* the place where defendant's allegedly negligent act contacted plaintiff, was Michigan. In the case at bar, however, the negligence, and the injury to plaintiff, occurred in Georgia. Plaintiff essentially asks the Court to hold that plaintiff carries the power to confer jurisdiction on any court simply by her own movement from state to state. The Court is aware of no authority for such a claim. Here, defendants, unlike a manufacturer that has sought the benefits inherent in sending its products out into the stream of commerce, have done nothing to avail themselves of the protections or benefits of operating in Michigan, or of sending their products or services into the state. See *Braasch v. Vail Associates, Inc.,* 370 F.Supp. 809 (N.D.Ill.1973).

The other Michigan case on which plaintiff relies which found personal jurisdiction where the defendant did not actually act within the state is *Dornbos v. Adkins Transfer Co.,* 9 Mich.App. 515, 157 N.W.2d 498 (1968). Plaintiff processed fish products in Michigan. Defendant was alleged to have been negligent in its handling of the fish outside of Michigan, with the result

that the fish spoiled and injuries resulted to the ultimate purchasers. Plaintiff's claim was for damage to its reputation. Insofar as this stated a claim, it was a claim that arose in Michigan—or, indeed, anywhere where plaintiff's reputation was damaged—much in the sense that a plaintiff in a libel action is injured where the libel is read or heard.

The case which most closely approximates the attenuated contacts claimed in the present action is *Khalaf v. Bankers & Shippers Insurance Co.,* 62 Mich.App. 678, 233 N.W.2d 696 (1975). There, a defendant, who was a resident of Illinois, was alleged to have negligently failed to procure an effective policy of insurance covering an Illinois company that repaired the machine that injured plaintiff in Michigan. Plaintiff argued that the consequences of the insurance agents negligence occurred in Michigan, since the Michigan plaintiff had been unable to satisfy its judgment against the repairer of the machine. The Court rejected the claim that such a contact was sufficient to confer personal jurisdiction under M.S.A § 27A.705(2).

■ Once it is determined that there is no personal jurisdiction over the defendants, the Court must consider whether to dismiss or to transfer the case to an appropriate district. While the statute regarding transfer, 28 U.S.C. § 1406(a) could be read to permit such a transfer only when venue was improper (here, venue is proper under 28 U.S.C. § 1406(a) because plaintiff resides in the district), the United States Supreme Court has held that transfer in available in the present situation. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

Whether to dismiss or transfer "in the interests of justice", *Taylor v. Love,* 415 F.2d 1118 (6th Cir. 1969). Neither party has pointed out any matters that should influence the Court's discretion in this regard. Plaintiff has requested that if the Court rules that there is no jurisdiction, that the action be transferred. The Court is aware of no prejudice to defendants in such a course, and, accordingly, the action

IS ORDERED TRANSFERRED to the Northern District of Georgia.

Insofar as defendants' motion requested that the action be dismissed, the motion is DENIED.