COLE v DOE

1. COURTS—JURISDICTION—CONSTITUTIONAL LAW—NONRESIDENTS—
PHYSICAL PRESENCE—DUE PROCESS.

Whether and to what extent a state may exercise jurisdiction over a nonresident who has not been physically present in the state is a Federal constitutional question under the due process clause of the Fourteenth Amendment.

2. COURTS—STATE COURTS—JURISDICTION—NONRESIDENTS—LONG-ARM
STATUTE—PHYSICAL PRESENCE—MINIMUM CONTACTS.

The test for determining whether a state court may exercise jurisdiction over a nonresident who has not been physically present in the state is whether the defendant had sufficient minimum contacts with the forum state that maintenance of the action would not offend traditional notions of fair play and substantial justice.

3. COURTS—JURISDICTION—NONRESIDENTS—LONG-ARM STATUTE—
PHYSICAL PRESENCE—COMMERCIAL TRANSACTIONS.

The limitations established by the United States Supreme Court on state power to exercise jurisdiction over a nonresident who has not been physically present in the state have been applied narrowly in Michigan, particularly where an ordinary commercial transaction is involved.

4. COURTS—JURISDICTION—LONG-ARM STATUTE—TORTIOUS ACTS—
NONRESIDENTS—CONSEQUENCES—STATUTES.

Michigan's long-arm statute does not contain a limitation that an alleged tortious act must actually occur within the state before jurisdiction may be exercised over a nonresident who has not

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5–7] 20 Am Jur 2d, Courts § 146.
[1–7] State's power to subject nonresident individual other than a motorist to jurisdiction of its courts in action for tort committed within state. 78 ALR2d 397.
[1, 4, 6, 7] Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on the commission of a tort within the state. 24 ALR3d 532.

been physically present in the state; Michigan's long-arm statute specifically permits the assertion of jurisdiction where "consequences" have been caused in this state (MCLA 600.705[2]; MSA 27A.705[2]).

5. COURTS—JURISDICTION—LIBEL AND SLANDER—LONG-ARM STATUTE —MINIMUM CONTACTS.

Libel and slander actions are treated differently under long-arm statutes than other complaints sounding in tort; generally, an action for libel requires a somewhat stronger showing of the minimum contacts required for jurisdiction over a nonresident defendant who has not been physically present in the state than do other types of actions, while contract actions require a lesser showing, and ordinary torts require the most minimal showing.

6. COURTS—JURISDICTION—MINIMUM CONTACTS—NONRESIDENT— LONG-ARM STATUTE—SLANDER—FORESEEABLE CONSEQUENCES.

The greater minimal contacts with the forum state which are required to be shown in a libel action before a state court may exercise jurisdiction over a nonresident who has not been physically present in the state do appear where the republication of a defendant's alleged slander in Michigan was a clearly foreseeable and conceivably intentional consequence of the original publication.

7. COURTS—JURISDICTION—LIBEL ACTION—BALANCING OF INTERESTS— NONRESIDENT—LONG-ARM STATUTE.

Requiring a libel action against a nonresident defendant to be litigated in Michigan does not constitute a particularly harsh decision or an unfair balancing of the interests involved where the plaintiff, who was the subject of a defendant's comments, is domiciled in Michigan, and the newspaper in which the alleged libel was republished is a Michigan newspaper.

Appeal from Wayne, Horace W. Gilmore, J. Submitted February 1, 1977, at Detroit. (Docket No. 26335.) Decided August 8, 1977.

Complaint by Dollie Cole against John Doe I (Jay L. Bernstein), John Doe II and Mary Doe I (Joyce Haber) and Mary Doe II for damages for libel and slander. Defendant Bernstein moved for accelerated judgment of dismissal for lack of per-

sonal jurisdiction. The circuit court entered an order finding defendant Bernstein subject to the court's jurisdiction pursuant to the state's long-arm statute. Defendant Bernstein appeals. Affirmed.

*Gage & Reizen,* for plaintiff.

*Charfoos and Charfoos, P. C.* (by *J. Douglas Peters),* for defendant Jay L. Bernstein.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and M. D. O'HARA,* JJ.

V. J. BRENNAN, J. Appellant John Doe I appeals from a November 6, 1975, order of the Wayne County Circuit Court, Honorable Horace W. Gilmore presiding, finding appellant, whose real name is Jay L. Bernstein, subject to the court's jurisdiction pursuant to MCLA 600.705(2); MSA 27A.705(2), and ordering appellant to appear, answer and defend in this cause.

With respect to appellant, this is an action for slander; defendants Mary Doe I & II are charged in the complaint with publishing the alleged defamatory statements made by appellant in a newspaper column, and thus with respect to them the complaint charges libel. Mary Doe I is a syndicated columnist, Joyce Haber.

The complaint alleges that Joyce Haber interviewed Jay L. Bernstein, and that the interview took place in the State of California. During the course of the interview, Bernstein allegedly made slanderous statements concerning the plaintiff, Dollie Cole, a Michigan resident. Both Haber and Bernstein are residents of the State of California.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Haber then allegedly wrote two libelous articles based on the interview, which articles were published first in a newspaper in the City of Los Angeles, and later by the Detroit News, which circulated the libelous statements in Michigan. Neither Mr. Bernstein nor Ms. Haber has any tie with the State of Michigan.

On October 31, 1971, Bernstein brought on for hearing before Judge Gilmore a motion for accelerated judgment of dismissal for lack of personal jurisdiction. At that time, Judge Gilmore ruled that the alleged slanderous act by Bernstein constituted a sufficient basis for jurisdiction under the Michigan long-arm statute. MCLA 600.705(2), MSA 27A.705(2).

On appeal, appellant questions whether an alleged conversation in California about plaintiff, between John Doe I and Joyce Haber, both California residents, may serve as a basis for Michigan state court jurisdiction under the long-arm statute, in a libel suit brought by plaintiff as a Michigan resident against John Doe I, after a republication in Michigan by Joyce Haber and the Detroit News.

Although few recent decisions on the subject exist, the United States Supreme Court has established that whether and to what extent a state may exercise jurisdiction over a nonresident who has not been physically present in the state is a Federal constitutional question under the due process clause of the Fourteenth Amendment. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945), *McGee v International Life Insurance Co,* 355 US 220; 78 S Ct 199; 2 L Ed 2d 223 (1957). See *Khalaf v Bankers & Shippers Insurance Co,* 62 Mich App 678, 680; 233 NW2d 696 (1975). The test established in *International Shoe,* and subsequently applied, is whether the

defendant had sufficient minimum contacts with the forum state that maintenance of the action would not offend traditional notions of fair play and substantial justice.

The limitations on state power imposed by *International Shoe* and its progeny have been applied narrowly in Michigan, particularly where an ordinary commercial transaction is involved. *Dornbos v Adkins Transfer Co, Inc,* 9 Mich App 515; 157 NW2d 498 (1968), *Woods v Edgewater Amusement Park,* 381 Mich 559; 165 NW2d 12 (1969), *Crane v Rothring,* 27 Mich App 189; 183 NW2d 434 (1970), *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), *Kiefer v May,* 46 Mich App 566; 208 NW2d 539 (1973).

Appellant cites two cases in other jurisdictions holding otherwise, both involving libel actions; but plaintiff correctly distinguishes them. *Breckenridge v Time, Inc,* 253 Miss 835; 179 So 2d 781 (1965), *Putnam v Triangle Publications, Inc,* 245 NC 432, 96 SE2d 445 (1957). In both those decisions, the statute provided that the alleged tortious act must actually occur within the state before jurisdiction could be imposed. Michigan's long-arm statute contains no such limitation, but specifically permits the assertion of jurisdiction where "consequences" have been caused in this state. MCLA 600.705(2); MSA 27A.705(2).

Nevertheless, libel and slander actions are treated differently than other complaints sounding in tort. Generally, an action for libel requires a somewhat stronger showing of the jurisdictionally requisite minimum contact than other types of actions; contract actions require a lesser showing, while ordinary torts require the most minimal showing. *Hunt v Nevada State Bank,* 285 Minn 77, 110; 172 NW2d 292 (1969).

However, even recognizing that greater showing of contact is needed in defamation actions, we believe requisite contacts do appear here where the republication of appellant's alleged slander in Michigan was a clearly foreseeable and conceivably intentional consequence of the original publication. See *Brown v First National Bank of Mason City,* 193 NW2d 547, 554–555 (Iowa, 1972), *Kailieha v Hayes,* 56 Hawaii 306, 312–313; 536 P2d 568 (1975). See also *Duple Motor Bodies, Ltd v Hollingsworth,* 417 F2d 231 (CA 9, 1969), *Gray v American Radiator & Standard Sanitary Corp,* 22 Ill 2d 432; 176 NE2d 761 (1961).

We would stretch credibility to believe appellant did not reasonably foresee that his alleged publication of defamatory statements to Joyce Haber would be ultimately published in newsprint. When the appellant is a public relations man whose business is to know and use newspaper reporters for the purpose of having favorable news stories for his clients printed, then we might presume Bernstein would know or foresee that to relate information concerning a person connected to the Michigan automotive industry to a national columnist like Joyce Haber would ultimately mean publication in a Michigan paper like the Detroit News.

Therefore, we conclude that the circumstances do indicate sufficient minimum contact with this state. We find appellant Bernstein did foreseeably or intentionally cause the alleged act of publishing to be done and the consequences to occur in Michigan. We believe this situation presents proper basis for state jurisdiction under the long-arm statute.

We add that plaintiff, the subject of Joyce Haber's comments, is domiciled in Michigan. We note

also that the Detroit News is a Michigan newspaper. Consequently, regarding possible inconvenience to the parties, we do not believe that requiring this cause of action to be litigated in Michigan constitutes a particularly harsh decision or unfair balancing of the interest involved.

Affirmed. Costs to be awarded to plaintiff.