Jacob Markowitz, J.
This is a motion by defendants in a libel action to dismiss the complaint for lack of jurisdiction. The corporate defendant, a Maryland corporation, is the publisher of the Baltimore Sun. The individual defendant is a columnist on that paper, and it is alleged that the defamatory material appeared in her columns in that paper.
It is the declared public policy of this State that jurisdiction may not be obtained under the so-called “ long-arm ” statute in defamation actions based on tortious acts committed within the State or without the State causing injury within the State (CPLR 302, subd. [a], pars. 2 and 3). There is no such restriction as to such a cause of action arising out of a transaction of business within the State (CPLR 302, subd. [a], par. 1), and at least in one instance jurisdiction was upheld on that basis (Totero v. World Tel. Corp., 41 Misc 2d 594). It is on this premise that plaintiffs appear to rely.
There is no dispute as to the nature or amount of business conducted here by defendants. The average daily circulation of the Baltimore Sun in New York State is about 400 copies, less than 1/10 of 1% of the daily circulation. Classified advertising received from New York and accepted in Maryland amounts to slightly over 2% of all such lineage. Advertising revenue from sources solicited directly by the corporate defendant in New York is slightly over 3% of total revenue. The corporate defend- . ant utilizes an independent advertising firm with offices in New York City and elsewhere for the purpose of soliciting national accounts. About 98% of these accounts come directly from the advertiser or the advertiser’s agency. Another independent advertising agency in New York sells advertising on a package deal to a group of newspapers. The agency mails the advertisement to the newspaper, collects the fee from the advertiser and remits a percentage to the newspaper. The individual defendant’s column is syndicated through a syndicate located in New York. Distribution of the column is made directly from Baltimore. The column itself is not distributed to anyone in New York. Other columnists of the Sun are syndicated through the same agency and another located in New York, but none of these are distributed to a New York newspaper.
The individual defendant in the course of her duties may make an occasional trip to New York and report on maritime activities here. She is based in Maryland, however.
*485 While each of the above-enumerated contacts may constitute the transaction of business in this State, not one may be relied upon to uphold jurisdiction under the long-arm statute, since the cause of action alleged in the complaint does not, as is required by statute, arise from any of the acts enumerated. The acts of publication, of distribution and: of circulation which underlie the alleged grievances occurred in Baltimore and not here.
In addition to the foregoing, and while not urged by plaintiffs, jurisdiction is not attainable on the facts herein stated on the basis of CBLB 301. The activity described hardly meets the classic presence test set forth in Tauza v. Susquehanna Coal Co. (220 N. Y. 259). Basically, the corporate defendant solicits business in this State. This alone cannot sustain the conclusion that it is here and thus amenable to process for any canse of action alleged against it.
Finally, plaintiffs’ attempt to convert the alleged tort from defamation to something else must he rejected as spurious (Morrison v. National Broadcasting Co. 19 N Y 2d 453).
Motion to dismiss the complaint on jurisdictional grounds is granted.