**WICHITA FEDERAL SAVINGS AND LOAN ASSOCIATION, et al., Plaintiffs,**

v.

**COMARK and Marine Midland Bank, N.A., Defendants.**

**MARINE MIDLAND BANK, N.A., Third-Party Plaintiff,**

v.

**E. Keith OWENS and Robert W. Bell, Third-Party Defendants.**

**No. 82 Civ. 4703 (MEL).**

United States District Court, S.D. New York.

June 25, 1984.

Dewey, Ballentine, Bushby, Palmer & Wood, New York City, for plaintiffs.

Sullivan & Cromwell, New York City, for defendant Marine Midland Bank, N.A.; Philip L. Graham, Jr., James W. Dabney, Robert F. Salvia, New York City, of counsel.

Lynch, Rowin, Burnbaum & Crystal, New York City, for third-party defendants; Marc Rowin, Howard C. Crystal, New York City, of counsel.

LASKER, District Judge.

The third-party defendants move pursuant to Rule 12(b)(2) Fed.R.Civ.P. to dismiss the third-party complaint for lack of personal jurisdiction. The motion is denied.

## I.

This action was commenced in July 1982 by the plaintiffs, five savings and loan associations and one municipality, against the defendants, Comark, a California limited partnership, and Marine Midland Bank, N.A., ("Marine") a national bank. Comark is a limited partnership, engaged in the business of buying and selling government securities. Comark is organized under the laws of California, with headquarters in California, and branch offices in New York and in Florida. Marine is organized under the laws of the United States with its central office and headquarters in New York.

Plaintiffs allege that Comark represented to the plaintiffs that securities which they had purchased from Comark would be segregated in safekeeping accounts; that the securities were instead deposited and integrated in a Marine account with other securities owned either by Comark or by other customers; that Comark used the plaintiffs' securities as collateral for a loan from Marine; and that Marine sold the plaintiffs' securities to satisfy debts owed by Comark. Plaintiffs sue Comark and Marine for damages under the federal and New York securities laws, the Uniform Commercial Code, and common law.

In August, 1982, after bringing cross-claims against Comark for indemnity and distribution, Marine filed a third-party action against E. Keith Owen and Robert W. Bell, the general partners of Comark, seeking indemnity and contribution. Owens and Bell then filed this motion to dismiss the third-party complaint for lack of personal jurisdiction.

In January 1981, Marine agreed to enter into a clearing agency relation with Comark. Thereafter, between March 1981 and June 1982 Marine executed trades, on Comark's instructions, for Comark's account in New York, in average aggregate face amounts exceeding one hundred million dollars per day. These transfers were effected by computer instructions which were sent and received between Marine's New York City offices and the Federal Reserve Bank of New York, and by physi-

cal delivery and receipt of securities to and from Comark's trading partners and their agents in New York.

Between March 1981 and June 1982, Marine also loaned Comark an average of twelve million dollars per day, when Marine's execution of Comark's trading instructions resulted in net cash disbursements which exceeded Comark's cash balance with Marine. Repayment of these cash advances was secured under a General Loan and Security Agreement by which Comark conveyed to Marine a floating lien on the content of Comark's securities clearance and demand deposit at Marine. Pursuant to a General Loan and Security Agreement executed by Owens and Bell, all of Comark's obligations to Marine were to be the individual obligations of Owens and Bell as well as the obligation of the partnership.

Marine's third-party complaint alleges that Marine is entitled to indemnification from Owens and Bell: 1) in accordance with the terms of the General Loan and Security Agreement and of the clearing services agreement; 2) as a consequence of Owens and Bell being general partners of Comark; 3) for failure to instruct Marine to segregate securities in a safekeeping account and to advise Marine that Comark's customers might claim an interest in these securities.

## II.

In support of their motion to dismiss, Owens and Bell contend that, under New York law, there is no basis for this Court to invoke *in personam* jurisdiction over either of them since they are neither present in New York nor subject to the New York long-arm statute. Specifically, they argue that CPLR 302(a)(1) is not applicable to them since the contract between Comark and Marine was not executed in New York by the defendants, nor was it substantially negotiated in New York. They assert that their status as general partners of Comark adds nothing to the jurisdictional mix, since jurisdiction over each of them must be based upon their own personal contacts

with New York and not those of the partnership.

Owens and Bell argue further that CPLR 302(a)(2) is not applicable to them because neither of them was physically present in New York at the time of the commission of the alleged tort, as is required to establish jurisdiction under that provision.

Finally, Owens and Bell take the position that Marine acted as Comark's agent in the transactions at issue here, and that, as an agent, it cannot use its own activities on behalf of Comark to support long-arm jurisdiction over Comark.

Marine responds that the general partners of a limited partnership are subject to jurisdiction in lawsuits arising out of partnership business whenever the partnership itself would also be subject to jurisdiction. Marine argues that since Comark regularly and continuously conducted substantial business in New York over the time period relevant to this litigation, and that since the alleged liability of Comark and Marine arises out of that business, Owens and Bell as general partners are subject to the jurisdiction of this Court.

Marine also contends that Comark, as a foreign limited partnership authorized to do business in New York (see Affidavit of Jonathan W. Miller, ¶ 2), has consented to this Court's jurisdiction under N.Y. Partnership Law 120-g.

### III.

The existence of personal jurisdiction over an out of state defendant depends on meeting the "minimum contact" requirements of due process and of the relevant long-arm statute. Due process demands that a "defendant's contact with the forum state be such that the maintenance of the suit 'does not offend traditional notions of fair play.' ". *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), quoting, *Intern'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ Under New York law, "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent transacts any business within the state...." CPLR 302(a)(1). To invoke section 302(a)(1) a plaintiff must demonstrate that the defendant transacted business within New York *and* that the cause of action arose out of said activities. *American Radio Ass'n v. A.S. Abell Co.*, 58 Misc.2d 483, 296 N.Y.S.2d 21 (Sup.Ct.1968).

■ New York case law establishes that non-resident general partners may properly be sued in the courts of this state as a result of forum activities of a partnership. See *Balogh v. Rayner-Smith*, 30 A.D.2d 788, 291 N.Y.S.2d 440 (1st Dep't 1967) (A general partner residing in Denmark held subject to personal jurisdiction on grounds that the partnership relationship was sufficient to invoke the application of CPLR 302(a)(1)).

■ Accordingly, Owens and Bell are subject to suit in this Court if Comark's activities are adequate to satisfy New York's long-arm statute. Construing the pleadings and affidavits in the light most favorable to the nonmoving party, see *Dixon v. Mack*, 507 F.Supp. 345, 348 (S.D.N.Y. 1980), Owens and Bell are subject to the New York long-arm statute.

■ First, Comark issued instructions to Marine to execute trades for Comark's account in New York in average aggregate face amounts which exceeded one hundred million dollars per day.[1] Physical presence is not a prerequisite to jurisdiction; a defendant can engage in "extensive purposeful activity" without even entering the state. *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506, 508 (1970). Accordingly, Owens and Bell's contentions that the contracts with Marine were neither negotiated nor executed in New York are not controlling because Owens and Bell

---

1. These are the activities of Comark out of which the cause of action arises.

(through the partnership) nevertheless engaged in extensive activity in New York.[2]

■ Second, a defendant may be found to have engaged in a purposeful transaction when the contract calls for the plaintiff to perform activities in New York for the benefit of the defendant. *Schneider v. J & C Carpet Co.*, 23 A.D.2d 103, 258 N.Y.S.2d 717 (S.Ct. 1st Dep't 1965). Under the contract between Comark and Marine, Marine was called upon to perform and did perform clearing agent services for Comark's account in New York.

Third, as substantiated in the Affidavit of Jonathan W. Miller, a certificate of authority for Comark to do business in New York was filed with the New York Department of State under the New York foreign Limited Partnership Law, N.Y. Partnership Law § 120 (McKinney 1980) and was amended in April 1983. This certificate is evidence of Comark's intent to transact business in New York.

■ Whether a court has personal jurisdiction over a party does not depend on any a priori formula. The issue revolves upon the cumulative significance of the sum of the activities conducted in New York rather than the effect of any one particular activity. *Melvin Pine & Co. v. McConnell*, 273 A.D. 218, 76 N.Y.S.2d 281, 283 (S.Ct., 1st Dep't 1948). The course of conduct and the specific acts of Comark together establish a foundation upon which to assert personal jurisdiction over Comark.

Since Comark is subject to New York jurisdiction it follows that Owens and Bell are also subject to the jurisdiction. *Balogh.*

The California cases which Owens and Bell rely on are not pertinent to the determination of this motion. In *Evans v. Galardi*, it was held that the partnership assets are not available to satisfy a judgment against limited partners in their individual capacities. 16 Cal.3d 300, 128 Cal.Rptr. 25, 546 P.2d 313 (1976). In *Epstein v. Frank*, it was determined that the statute of limita-

tions on claims against a limited partnership is not tolled when a general partner is absent from the state. 125 Cal.App.3d 111, 177 Cal.Rptr. 831, 835 (1981). Putting aside the question of the applicability of California law, these decisions do not bear on the issue of whether general partners may be subject to personal jurisdiction based on the activities of the limited partnership.

■ Owens and Bell further rely on the argument that an agent cannot use its own activities on behalf of a principal to support long-arm jurisdiction over the principal. The mere fact that Marine was performing "clearing agent services" does not necessarily imply that there existed an agent-principal relationship between the parties. Be that as it may, even if Marine were regarded as Comark's agent, the law does not prevent an agent from suing its principal when, as here, the independent and purposeful activities of the defendant are alleged as the basis of jurisdiction. *Haar v. Armendaris*, 40 A.D.2d 769, 337 N.Y.S.2d 285, rev'd 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973); *Parke-Bernet Galleries.*

For the reasons stated, the motion to dismiss is denied.

It is so ordered.

---

2. Although Comark is incorporated under the laws of California and has its headquarters in California, Comark does have a branch office in New York.